## FARRAR *versus* INHABITANTS OF GREENE.

The standard of care required of travelers upon the highway, is such care as persons of common prudence generally exercise.

If a defect in the plaintiff's carriage, though it were unknown to him, or if any other want of care on his part, *contribute*, jointly with a defect in the highway, to produce an injury to the plaintiff, the town bound to keep the way in repair is not accountable.

CASE, tried before HOWARD, J., for damage sustained by an alleged defect in the highway.

As to the degree of care exercised by the plaintiff, and particularly as to the fitness of the wagon which he used, much testimony was given by the respective parties. There was evidence tending to show that the plaintiff had knowledge of the state of the road. The plaintiff requested instruction to the jury, that the ordinary care, required of the plaintiff, was " that care which the mass of community ordinarily use, or would use under the same circumstances, and having the same knowledge of the state of the way, which the plaintiff had in this case." The Judge instructed the jury that he did not so understand the law, but that ordinary care was such as persons of common prudence would generally exercise, under such circumstances ; and that the plaintiff was bound to have a wagon sufficient, with ordinary care, for the service he was about to perform ; that if the wagon was defective, and if such defect contributed, *in any degree*, to produce the injury, the plaintiff cannot recover. The verdict was for the defendants, and the plaintiff excepted.

*May*, for plaintiff.

1. To know who are persons of common prudence, we must see what men commonly do ; must make our comparison upon the mass of community. From the Judge's instruction, the jury must have understood that ordinary care is something more than ordinary ; something a little extraordinary ; — that common prudence means something more than common, that is, something a little uncommon.

Still the instruction by the Judge might not in itself be

exceptionable, had he not announced, that it was a different doctrine from that presented by the plaintiff's counsel, thus leading the jury into error.

2. The import of the other instruction was, that the wagon must have been sufficient to withstand whatever defect might be in the road. Hence, as the wagon was broken, the jury must have considered it unsuitable. It does not appear that the jury believed that the plaintiff knew the road to be defective. He was not bound to have a wagon, capable to overcome defects which he knew nothing of. A wagon, sufficient for travel upon an undefective road, was all he could be required to have. It is not a want of care, that there was in the wagon some concealed and unsuspected defect. *Palmer* v. *Andover*, 2 Cush. 600 ; *Hunt* v. *Pownal*, 9 Ver. 418. Though another cause should contribute to the injury jointly with the defect in the road and for which the plaintiff is not responsible, yet the plaintiff is entitled to recover. 18 Maine, 286.

SHEPLEY, C. J., — I hold there may be a defective carriage, an ill-broken horse and careless management, and yet the plaintiff may be entitled to recover. So, on the other hand, there may be a defective road, which even contributed to the accident, and yet the plaintiff not entitled to recover. The plaintiff must show, that the accident occured *wholly* by the defect of the road, and *without any fault* on his part.

*May.* — The case in 2d Cushing, was that of a secret defect, and yet the town was held liable.

*Paine*, for the defendants.

1. It is wholly unimportant whether the plaintiff did or did not know of the defect in his wagon. He used it at his peril. The town is not responsible for its defects. This point is fully settled in the case *Moore* v. *Abbott*, 32 Maine, 46.

2. The instruction did not require, that *any thing*, as to degrees of care, should be found, *unless* the want of care produced the injury.

The gentleman does not object to the instruction as to the

standard of ordinary care ; but that his own favorite definition was not verbally adopted, though one of the same import was given.

To refer to the care exercised by prudent men, is definite and intelligible.  To refer to the care which the mass of community would use, is but a confusion of language.

HOWARD, J., orally. — The requested instruction, as to the standard of ordinary care, was not the most appropriate ; it was too latitudinarian.  If given, we doubt whether it could be sustained.  The instruction given is the usual and appropriate one ; clear and unexceptionable.

The plaintiff contended that his wagon *was* a sufficient one. The Judge said it *ought* to be.  It is ingeniously argued that the instruction required the plaintiff to have a wagon which would withstand all defects of the road, and prove itself sufficient for the service intended.  But such is not the import. He was required to have a wagon, which, "*with ordinary care,*" would prove to be sufficient ; not one which, without the use of care, should resist every obstacle.  But *if* sufficient, the town would not necessarily be liable ; and if insufficient the plaintiff is not necessarily precluded from recovering.

But, so far as the instructions went, they were correct.  Are they to be set aside, because some of the conditions pertaining to the case, were not expressed ?  *Some* instructions were given. If *others* were desired, a request for them should have been made.                          *Exceptions  overruled.*